UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80822-Civ-MIDDLEBROOKS/WHITE
(06-80094-Cr-MIDDLEBROOKS)
MAGISTRATE JUDGE P. A. WHITE

MICHAEL DENSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

## MOVANT'S CITATION OF ADDITIONAL AUTHORITIES AND OBJECTIONS TO REPORT OF MAGISTRATE JUDGE

COMES Movant, MICHAEL DENSON ("Denson"), appearing *pro se,* and in support of this pleading would show as follows:

### I. Preliminary Statement

As a preliminary matter, it is respectfully requested that this Court be mindful that *pro se* litigants are entitled to liberal construction of their pleadings. *Green v. Nelson*, 595 F.3d 1245 (11th Cir. 2010); *Estelle v. Gamble*, 429 U.S. 97 (1976); and *Haines v. Kerner*, 404 U.S. 519 (1972).

### II. Relevant Background

On June 16, 2014, Denson filed his Motion under 28 U.S.C. § 2255(f)(3) to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. See Doc. 34.[1]

On September 11, 2014, the government filed the Government's Response to Movant's

---

[1] "Doc." refers to the Docket Report in the United States District Court for the Southern District of Florida, in Criminal No. 06-80094-CR-MIDDLEBROOKS, which is immediately followed by the Docket Entry number. "CvDoc." refers to the Docket Report in the United States District Court for the Southern District of Florida, in Civil No. 14-80822-CIV-MIDDLEBROOKS/WHITE.

Motion to Vacate. See CvDoc. 11.

On November 10, 2014, Denson filed Movant's Reply to the Government's Response to Movant's Motion to Vacate (§ 2255 Reply"). See CvDoc. 14.

On April 17, 2015, the Court issued a Report of the Magistrate Judge. See CvDoc. 17.

### III. Citation of Additional Authorities

Denson offers citations to aid in the Court's decisional process which stand for the proposition that the Guideline-based status of career offender should be treated no differently from the statutory effect of the Armed Career Criminal Act ("ACCA"). As such, the language in the ACCA statute is the same as the language under USSG § 4B1.1.

On June 26, 2015, the U. S. Supreme Court decided *Johnson v. United States,* 135 S. Ct. 2551 (2015), declaring the residual clause of the ACCA void for vagueness. This means that any defendant whose ACCA conviction depended on prior convictions beyond the specifically listed offenses, in their federal generic form, has a sentencing innocence claim. Since many state burglary statutes are indivisibly overbroad, as in this case, their convictions with non-generic prior burglary convictions are among the potential beneficiaries of the Supreme Court's decision. As such, Streit challenges the increase of his sentence from a 10-year maximum for possession of a firearm under 18 U.S.C. § 922(g) to a mandatory minimum of 15 years under the ACCA.

In *Johnson*, the question was whether a prior conviction for possession of a sawed-off shotgun constituted a "violent felony" under the residual clause of the ACCA. 18 U.S.C. § 924(e)(2)(B)(ii). After the first argument, the Supreme Court asked for supplemental briefing and re-argument on whether the residual clause, which includes offenses that present a "serious potential risk of physical injury to another," was void for vagueness. The Court held that imposition of an increased sentence under the ACCA's residual clause violates the Due Process Clause because the

residual clause is unconstitutionally vague. Specifically, the Court held that:

> Imposing an increased sentence under ACCA's residual clause violates due process. Pp. 3–15.
>
> (a) The Government violates the Due Process Clause when it takes away someone's life, liberty, or property under a criminal law so vague that it fails to give ordinary people fair notice of the conduct it punishes, or so standardless that it invites arbitrary enforcement. *Kolender v. Lawson,* 461 U. S. 352, 357–358. Courts must use the "categorical approach" when deciding whether an offense is a violent felony, looking "only to the fact that the defendant has been convicted of crimes falling within certain categories, and not to the facts underlying the prior convictions." *Taylor v. United States*, 495 U. S. 575, 600. Deciding whether the residual clause covers a crime thus requires a court to picture the kind of conduct that the crime involves in "the ordinary case," and to judge whether that abstraction presents a serious potential risk of physical injury. *James*, supra, at 208. Pp. 3–5.
>
> (b) Two features of the residual clause conspire to make it unconstitutionally vague. By tying the judicial assessment of risk to a judicially imagined "ordinary case" of a crime rather than to real-world facts or statutory elements, the clause leaves grave uncertainty about how to estimate the risk posed by a crime. See James, supra, at 211. At the same time, the residual clause leaves uncertainty about how much risk it takes for a crime to qualify as a violent felony. Taken together, these uncertainties produce more unpredictability and arbitrariness than the Due Process Clause tolerates. This Court's repeated failure to craft a principled standard out of the residual clause and the lower courts' persistent inability to apply the clause in a consistent way confirm its hopeless indeterminacy. Pp. 5–10.
>
> (c) This Court's cases squarely contradict the theory that the residual clause is constitutional merely because some underlying crimes may clearly pose a serious potential risk of physical injury to another. See, e.g., *United States v. L. Cohen Grocery Co.*, 255 U. S. 81, 89. Holding the residual clause void for vagueness does not put other criminal laws that use terms such as "substantial risk" in doubt, because those laws generally require gauging the riskiness of an individual's conduct on a particular occasion, not the riskiness of an idealized ordinary case of the crime. Pp. 10–13.
>
> (d) The doctrine of stare decisis does not require continued adherence to *James* and *Sykes*. Experience leaves no doubt about the unavoidable uncertainty and arbitrariness of adjudication under the residual clause. *James* and *Sykes* opined about vagueness without full briefing or argument. And continued adherence to those decisions would undermine, rather than promote, the goals of evenhandedness, predictability, and consistency served by stare decisis. Pp. 13–15. 526 Fed. Appx. 708, reversed and remanded.

Last week, the United States Court of Appeals for the Seventh Circuit, authorized a second or successive § 2255 motion declaring *Johnson* retroactive. See *Price v. United States*, (No. 15-2527) (7th Cir. Aug. 4, 2015). In *Price,* the Court held that in deciding that the residual clause is unconstitutionally vague in *Johnson*, the Supreme Court prohibited "a certain category of punishment for a class of defendants because of their status." *Saffle v. Parks*, 494 U.S. 484, 494 (1990). A defendant who was sentenced under the residual clause necessarily bears a significant risk of facing "a punishment that the law cannot impose upon him." *Schriro v. Summerlin*, 124 S.Ct. 2519 (2004). As such, *Johnson* announced a new substantive rule. There is no escaping the logical conclusion that the Court itself has made Johnson categorically retroactive to cases on collateral review. *Id.*

Based on *Johnson*, Denson's alleged crime of violence does not qualify as a predicate offense under the definition of a crime of violence as a career offender.

Accordingly, his sentence should be vacated for resentencing without the career offender enhancement.

### III. Objections to Report of Magistrate Judge

The forty-four (44) page Report of the Magistrate Judge ("RM") is divided into several sections and subsections which will be responded to sequentially as follows:

I.    Introduction

This section merely gives an overview of the RM and the Denson's § 2255 pleadings. See RM at 1-3. Denson does not take exception to this section.

II.  Factual Background and Procedural History

    A.  Facts of the Offense
    B.  Indictment, Pre-trial Proceedings, Conviction, Sentencing, and Direct Appeal

These subsections recite the facts of this case, which were obtained from the factual proffer executed by Denson and made part of the Rule 11 change of plea proceeding. See RM 4-15. Denson does not take exception to these subsections.

III.  Standard of Review

This section of the RM merely states the cognizable grounds available in a § 28 U.S.C. § 2255 Motion. See RM 15-17. Denson does not take exception to this section of the RM.

IV.  Discussion

    A.  Timeliness

After citing the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") and its limitation period for § 2255 motions, the RM claims that Denson's conviction became final on April 3, 2003, but that his § 2255 motion was not filed until June 16, 2014, over 7 years after his conviction became final. See RM at 17-18. Denson does not take exception to these dates.

The RM states that Denson "argues that his motion to vacate is nevertheless timely under various exceptions to AEDPA's statute of limitations. First, he argues that the instant motion to vacate should nevertheless be considered timely filed based on *Descamps v. United States*, ___U.S. ___ , 133 S.Ct. 2276 (2013) and *Burrage v. United States*, 134 S.Ct. 881 (2014)." RM at 18-19. The RM rejected this claim because it claimed "Neither *Descamps* nor *Burrage* is retroactively applicable on collateral review." *Id.* at 19.

5

Denson objects to the Court's opinion regarding retroactivity. There is persuasive support that *Descamps* is retroactive. See *United States v. Isidoro*, (13CR0394-WQH)(SDCA September 3, 2013). In *Isidoro*, the Court held that *Descamps* was retroactive and the government conceded to same. See also, *Rainer v. Warden*, (1:14-CV-1069-SCJ)(NDGA October 1, 2014) (the Court held and the government conceded under *Descamps* that his ACCA predicate convictions did not qualify under ACCA in a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241); *United States v. Bell*, (CV 13-47-H-DWM)(DMON November 25, 2013) (*Descamps* applies to all cases where it is pertinent, whether on direct or on collateral review); *Parks v. United States*, (No. 4:12CV01294ERW)((EDMO August 12, 2014)(*Descamps* relief applied in Rule 60(b) Motion); *Olten v. United States*, 134 S. Ct. 639 (2013)(In light of *Descamps*, this § 2255 Motion was remanded to the Eighth Circuit). See *Bryant v. Warden*, 738 F.3d 1253 (11th Cir. 2014); *Bradford v. Tamez (In re Bradford)*, 660 F.3d 226 (5th Cir.2011)(citing *In re Tatum*, 233 F.3d 857 (5th Cir. 2000) (When seeking leave to file a successive § 2255 motion on the basis of a new rule of constitutional law, a movant "must point to a Supreme Court decision that either expressly declares the collateral availability of the rule . . . or applies the rule in a collateral proceeding."); see also, *In re Smith*, 142 F.3d 832, 835 (5th Cir. 1998) (same).

There is also persuasive authority with regard to *Burrage* being retroactive. See *Ragland v. United States*, 756 F.3d 597 (8th Cir. 2014). In *Ragland*, the court granted petitioner's motion to expand the certificate of appealability, vacate the denial of section 2255 relief, and remand to the district court to reconsider the issue in light of *Burrage v. United States*.

Accordingly, contrary to the Court's opinion, under *Descamps* and *Burrage*, Denson can satisfy Section 2255(f)(3) and his motion is timely.

6

B. <u>Merits</u>

The RM states that "[O]n the merits, the claims warrant no relief." RM at 29. Denson objects to this statement. He stands by his original arguments regarding his career offender status and the non-qualifying predicate controlled substance offenses and his alleged non-qualifying crimes of violence in light of *Descamps* and *Johnson*. These grounds were adequately briefed in his initial pleadings.

With regard to the Denson's claim that his sentences were illegally imposed, the RM states:

> Based on the totality of the circumstances present here, the Undersigned finds the movant's sentences were lawfully imposed and thus procedurally barred from collateral attack here. Even if not procedurally barred, the court finds the sentences were lawful and thus any claim to the contrary warrants no federal habeas corpus relief. Contrary to movant's arguments here, all prerequisites for career offender sentencing have been met.

RM at 35.

In light of *Descamps, Burrage* and *Johnson,* Denson objects to the above statement and states that contrary to the RM that all prerequisites for an enhancement under the career offender Guideline were not met and his sentence should be vacated for resentencing without the enhancement as a career offender.

The RM next states that "To the extent movant means to argue that his plea was not knowing and voluntary because it was premised on counsel's misadvice regarding his sentence exposure, that claim also warrants no relief." RM at 35. The RM cites Fifth Circuit cases which were decided long before the Supreme Court precedent cases of *Lafter* and *Frye*. As such, the Supreme Court cases trump those cases.

7

MICHAEL DENSON
Reg. 75622-004
FCI Manchester
Federal Correctional Institution
P.O. Box 4000
Manchester, KY 40962

August 7, 2015

Clerk, U. S. District Court
Southern District of Florida
Miami Division
400 North Miami Avenue
Miami, FL 33128

RE:   *Denson v. United States*
      CASE NO. 14-80822-CIV-MIDDLEBROOKS/WHITE
      (06-80094-CR-MIDDLEBROOKS)

To the Clerk of the Court:

Enclosed please find and accept for filing Movant's Citation of Additional Authorities and Objections to Report of the Magistrate. Please submit this pleading to the Court.

Thank you for your assistance in this matter.

Sincerely,

*Michael Denson*
MICHAEL DENSON
Appearing *Pro Se*

Encl. as noted

chael Denson # 75622-004
deral Prison Camp Manchester
. Box 4000
inchester, Ky 40962






⇒ 75622-004 ⇐
Clerk Of Court
701 Clematis ST
Rm#402
WEST PALM BCH, FL 33401
United States