UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-80822-CV-MIDDLEBROOKS
(06-80094-CR-MIDDLEBROOKS)

MICHAEL DENSON,

        Movant,

v.

UNITED STATES OF AMERICA,

        Respondent.

_____/

**UNITED STATES' RESPONSE IN OPPOSITION TO THE MOTION
FILED PURSUANT TO F.R.Civ.P. RULE 60(b)(3) and(4) (DE 95)**

Comes now the United States of America, by and through the undersigned Assistant United States Attorney, to respond in opposition to the motion, filed at docket entry 95, pursuant to Rule 60(b)(3) and (4),Federal Rules of Civil Procedure, to vacate and set aside the judgment denying the motion pursuant to Title 28, United States Code, Section 2255, as follows:

1.    On June 15, 2006, a federal grand jury sitting in the Southern District of Florida returned a superseding indictment charging Denson with two counts of distribution of cocaine base (also known as crack cocaine) in violation of Title 28, United States Code, Sections 841(a)(1) and (b)(1)(B) at case number 06-80094-CR-DMM. (CR-DE#15). On August 2, 2006, Denson entered pleas of guilty to both counts of the indictment pursuant to a plea agreement (CR-DE#24 and 26). On October 11, 2006, the court imposed judgment as to Denson and sentenced him to a total term of 188

months incarceration as to each count of the indictment to be served concurrently, to be followed by a total term of 5 years of supervised release and additionally imposed a special assessment of $200 (CR-DE#30).

2.     On October 20, 2006, Denson appealed from his sentence. The appeal was dismissed on January 10, 2007 for want of prosecution.

3.      On June 23, 2014, Denson filed an untimely motion pursuant to Title 28, United States Code, Section 2255, seeking the court to vacate, set aside or correct his sentence at case number 14-8022-CV-MIDDLEBROOKS.  On April 17, 2015, after review of the petition and response, the assigned Magistrate Judge issued a report and recommendation that recommended dismissing the motion as time-barred and alternatively denying the motion on the merits (CV-DE#17).  On August 14, 2015, the court entered an order adopting the report and recommendation.

4.     On January 4, 2016, Denson filed a motion pursuant to F.R.Civ.P. 60(b) seeking to reopen his denied petition that had been filed pursuant to Title 28, United States Code, Section 2255.  Denson claims, in his motion to reopen the closed 2255 matter that the case of *Johnson v. United States*, 135 S.Ct. 2551 (2015), should now be applied to him, the sentence imposed vacated and he be re-sentenced to a lower sentence as he is actually innocent of being an Armed Career Criminal.  In the current motion to reconsider the denial of his §2255 petition, Denson is attacking his sentence as an illegal based upon recent developments involving a finding that the Armed Career Criminal Act (ACCA) did not apply to certain sentences as the underlying convictions did not constitute predicate offenses for application of the act. Denson, however was sentenced on the basis of being a career offender as that term is defined by the

2

sentencing guidelines, not on the basis of ACCA. Consequently, the recent developments in refining the application of ACCA do not apply to Denson. Additionally, unlike the issues raised by offenses that no longer are sufficient to support an ACCA finding, Denson's prior convictions consist of unquestioned convictions that are predicate offenses: trafficking drug offenses and two crimes of violence, that were described as two robberies with firearms, and therefore properly resulted in the determination that. pursuant to Sentencing Guidelines §4B1.1(a), Denson is a career criminal.

5. The instant motion should be construed as a successive 28 USC §2255 motion. See: *United States .v Hutchins,* 552 Fed. Appx. 968 (11th Cir. 2014) and the cases cited therein. Also see: *Glover v. United States*, SDFL Case No. 16-80216-CV-ZLOCH, DE #7 at p[age 4, in which Magistrate Judge White succinctly stated: "Further, Rule 60(b) cannot be used to obtain relief in criminal proceedings. *See Smith v. United States,* 433 Fed. Appx. 891, 892 (11th Cir. 2011) (unpublished)." The *Glover* 60(b) motion, like the Hutchins 60(b) motion were seen for what they are: successive motions pursuant to 28 USC §2255 that were filed without first seeking permission of the court of appeals. As a result, this matter ought to be dismissed on the basis that Denson has failed to seek permission from the Court of Appeals to file a second or subsequent petition pursuant to 28 USC §2255.

WHEREFORE, the United States of America respectfully requests the court deny the current motion on the basis that this motion to reopen is a second or subsequent petition pursuant to Title 28, United States Code, Section 2255, and has been filed without first receiving permission from the United States Court of Appeal. Furthermore,

the United States requests the court deny a certificate of appealability (COA) on this matter.

                Respectfully submitted,

                WIFREDO A. FERRER
                UNITED STATES ATTORNEY

By:   /s/ *Ellen L. Cohen*
       ELLEN L. COHEN
       ASSISTANT UNITED STATES ATTORNEY
       Florida Bar No. 0739472
       500 Australian Avenue, Suite 400
       West Palm Beach, Florida 33401
       Tel: (561) 820-8711; Fax: (561) 659-4526
       Ellen.Cohen@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on the 26 day of February, 2016, the undersigned caused a true and correct copy of the above - UNITED STATES' RESPONSE IN OPPOSITION TO THE MOTION FILED PURSUANT TO F.R.Civ.P. RULE 60(b) - to be filed and has caused a copy to be sent as follows:

Michael Denson
Reg. 75622-004
FCI Manchester
Federal Correction Institution
PO Box 4000
Manchester, KY 40962

                /s/ *Ellen L. Cohen*
                ELLEN L. COHEN
                ASSISTANT UNITED STATES ATTORNEY